Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank Gregory Casella (SBN 301494)
fcasella@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNIVERSAL DYEING & PRINTING, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CEMI CERI CORPORATION; a California Corporation; MONROE & MAIN, INC., a Wisconsin Corporation; FRESH OF LA, INC., a California Corporation; SOLO LA FE, a business entity of form unknown; COLORMC, a business entity of form unknown; WHOLESALE FASHION SQUARE, a business entity of form unknown; HOT CUTIE, INC., a California Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |
|---|---|

Universal Dyeing & Printing, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

1
COMPLAINT

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff UNIVERSAL DYEING & PRINTING, INC. is a California Corporation.

5. Plaintiff is informed and believes and thereon alleges that Defendant CEMI CERI CORPORATION is a California corporation with its principal place of business at 3801 S. Grand Avenue, Los Angeles, California 90037, and does business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant MONROE & MAIN, INC. individually and doing business as "Midnight Velvet," ("MONROE & MAIN") is a Wisconsin corporation with its principal place of business at 1112 7th Avenue Monroe, Wisconsin 53566, and does business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant FRESH OF LA, INC., ("FRESH OF LA") is a California corporation with its principal place of business at 3001 E. 12th Street #A, Los Angeles, CA 90023, and does business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant SOLO LA FE is a business entity of form unknown with its principal place of business at

1151 S. San Pedro Street, Los Angeles, California 90015, and does business in and with the state of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant COLORMC is a business entity of form unknown with its principal place of business at 1173 S. Paula Drive Fullerton, California 92833, and does business in and with the state of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant LIBIAN is a business entity of form unknown with its principal place of business at 1100 S. San Pedro Street, Los Angeles, California 90015, and does business in and with the state of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant WHOLESALE FASHION SQUARE is a business entity of form unknown with its principal place of business at 4927 Alcoa Avenue Vernon, California 90058, and does business in and with the state of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant HOT CUTIE, INC. is a California corporation with its principal place of business at 3848 S. Hill Street Los Angeles, California 90037, and does business in and with the state of California.

13. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

14. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN NO. UA 13710

15. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled UA 13710 ("Subject Design") which has been registered with the United States Copyright Office.

16. Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design to numerous parties in the fashion and apparel industries, including the sale of over 4,500 yards of fabric bearing the Subject Design to CEMI CERI over five occasions between May 2011 and August 2011.

17. Plaintiff is informed and believes and thereon alleges that CEMI CERI or an agent thereof modified the Subject Design in an attempt to conceal its infringement and flooded the market with illicit modified versions of the Subject Designs in violation of Plaintiff's copyright.

18. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design, MONROE & MAIN, FRESH OF LA, SOLO LA FE, COLORMC, LIBIAN, WHOLESALE FASHION SQUARE, HOT CUTIE, INC., CEMI CERI CORPORATION, DOE Defendants, and each of them distributed and/or sold fabric and/or garments featuring a design which is substantially similar to Subject Design (hereinafter "Subject Product") without Plaintiff's authorization, including but not limited to products sold by:

a. Amazon under ASIN B00MIGUE50, SKU CMS832TRIMUT1X-1X and bearing label "Cemi Ceri" and tag "ColorMC" indicating that it was manufactured by/ for CEMI CERI and/or COLORMC.

b. MONROE & MAIN under Item No. WI736084, and bearing label "Monroe & Main" and RN 118578 indicating that it was manufactured by/ for FRESH OF LA.

c. MONROE & MAIN under Item No. V9736084, Style No. KD3451f5053t2115, RN 118578, and bearing label "Monroe & Main," indicating that it was manufactured by or for FRESH OF LA.

d. Red Lime Sunday under Style No. LF1021-V24, and bearing label "sololafe," indicating that it was manufactured by/for SOLO LA FE.

e. Amazon under Style No. LD4703, and bearing label "Libian" indicating that it was manufactured by/ for LIBIAN.

f. WHOLESALE FASHION SQUARE under Product Code CN242260, and bearing label "Black Bead" and RN 143578 indicating that it was manufactured by/ for HOT CUTIE.

19. A representative sample of Subject Design and a representative sample of Subject Product are set forth hereinbelow:

**Subject Design**  **Subject Product**

  

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

20. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing Subject Designs.

22. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed Subject Designs in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to Subject Designs, or were an illegal modification thereof.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Designs and by producing, distributing and/or selling Subject Products through a nationwide network of retail stores, catalogues, and through on-line websites.

24. Due to Defendants', and each of their, acts of infringement, Plaintiff has

suffered damages in an amount to be established at trial.

25. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Designs in an amount to be established at trial.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Designs;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: October 4, 2016          DONIGER/BURROUGHS

                                            By:      /s/ Stephen M. Doniger
                                                              Stephen M. Doniger, Esq.
                                                              Frank Gregory Casella, Esq.
                                                               Attorneys for Plaintiff